David S. BALDREE, et al., Plaintiffs,

v.

CARGILL, INC., Defendant.

UNITED STATES of America, Plaintiff,

v.

CARGILL, INC., Cargill, Inc. d/b/a Paramount Poultry, Bruce Burdett, Stephen Huemoller, Defendants.

Nos. 89–213–Civ–J–16, 89–991–Civ–J–16.

United States District Court, M.D. Florida, Jacksonville Division.

April 30, 1990.

Gerald J. Houlihan, James M. Grippando, Steel, Hector & Davis, Miami, Fla., for David S. Baldree, et al.

C. Harris Dittmar, Bedell, Dittmar, DeVault & Pillans, Jacksonville, Fla., for Cargill, Inc., et al.

Ralph J. Lee, Asst. U.S. Atty., Jacksonville, Fla., Surell Brady, Paul Bridenhagen, Dept. of Justice, Kenneth H. Vail, Ben E. Bruner, U.S. Dept. of Agr., Washington, D.C., for U.S.

## ORDER GRANTING MOTIONS OF GROWERS AND OF UNITED STATES FOR PRELIMINARY INJUNCTION

JOHN H. MOORE, II, District Judge.

This cause came before the Court on two motions for Preliminary Injunction, the first filed on October 16, 1989 by the Plaintiff Growers in Case No. 89–213–Civ–J–16; the second filed on December 19, 1989 by the United States in Case No. 89–991–Civ–J–16. Both motions were precipitated by the decision of defendant Cargill, Inc., to terminate its poultry growing arrangement with Arthur Gaskins, President of the Northeast Florida Broiler Growers' Association. In addition, the Growers filed a

motion to waive security for preliminary injunction on February 12, 1990.

Both the Growers and the government seek a preliminary injunction as follows: (a) reinstating the poultry growing arrangement between Gaskins and Cargill that has spanned almost two decades; and (b) enjoining Cargill and two of its management level employees who participated directly and substantially in the termination of Gaskins (individual defendants Stephen Huemoller, General Manager, and Bruce Burdett, Live Production Manager) from subjecting Gaskins, or any other grower, to any unfair, unjustly discriminatory, or deceptive practice or device, or to any undue or unreasonable prejudice or disadvantage in any respect whatsoever, in violation of either the Packers and Stockyards Act of 1921, as amended, 7 U.S.C. §§ 181 *et seq.* (hereinafter "Packers Act"), or the Agricultural Fair Practices Act of 1967, 7 U.S.C. §§ 2301 *et seq.* (hereinafter "AFPA").

The Growers also seek preliminary injunctive relief against Cargill only under the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, and the Florida RICO Act, Fla.Stat. § 772.101 *et seq.*

■ On January 11, 1990, the court consolidated the two actions, and on February 2, 1990, the Court held a joint hearing on the two motions. After hearing argument of counsel, receiving evidence, reviewing exhibits submitted by the parties, and considering the entire record herein, the Court finds that the preliminary injunction should be issued for the following reasons:

(1) There is a substantial likelihood that the plaintiffs will succeed on the merits of their claims that:

(a) Cargill terminated Gaskins to discourage and prevent Gaskins from supporting the Association. As such, the termination constitutes (i) an unfair, unjustly discriminatory and deceptive practice and device in violation of 7 U.S.C. § 192(a); (ii) an undue and unreasonable prejudice and disadvantage in violation of 7 U.S.C. § 192(b); and (iii) coercion, intimidation and discrimination against agricultural producers based on their exercise of their legal rights to affiliate with an association of producers, in violation of 7 U.S.C. § 2303.

(b) Cargill terminated Gaskins to hamper and prevent the prosecution of the Growers' legal action against Cargill and to discourage growers from presenting grievances to appropriate governmental authorities. As such, the termination constitutes (i) an unfair, unjustly discriminatory and deceptive practice and device in violation of 7 U.S.C. § 192(a); (ii) an undue and unreasonable prejudice and disadvantage in violation of 7 U.S.C. § 192(b); and (iii) obstruction of justice, extortion, mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, 1951, 1502 and 1512, all in furtherance and a part of Cargill's pattern of racketeering activity in violation of 18 U.S.C. § 1961 *et seq.*, and Fla.Stat. §§ 772.101 and 895.01 *et seq.*

(c) Cargill's termination of Gaskins was without economic justification and, therefore, constitutes (i) an unfair, unjustly discriminatory and deceptive practice and device in violation of 7 U.S.C. § 192(a); (ii) an undue and unreasonable prejudice and disadvantage in violation of 7 U.S.C. § 192(b); and (iii) a knowing refusal to deal with Gaskins because of his membership in the Association, in violation of 7 U.S.C. § 2303(a).

(2) Plaintiffs have made a sufficient showing of irreparable harm. The growers, in fact, have no adequate remedy at law, and will suffer irreparable injury and face immediate danger of significant loss or damage if Cargill's alleged unlawful conduct is not enjoined. Unless reinstated as a Grower, Gaskins will be forced to sell his farm and he will, therefore, lose his home and his land (which have been in his family since 1902). Further, Gaskins' longstanding 21-year poultry business which he and his family built through personal sacri-

fice will be destroyed. Other Growers will lose their poultry growing businesses, farms and homes if terminated. Finally, the growers' ability to prosecute this lawsuit, participate in the Association, or present grievances to appropriate government authorities free from unlawful interference by Cargill will be hampered unless Cargill's alleged unlawful conduct is enjoined. Because there is substantial evidence that Cargill terminated Gaskins for exercising each of these legal rights, other growers will be reluctant to exercise their rights.

(3) The balance of hardships favors the plaintiffs. Gaskins has been a Grower for over 21 years, and he has been a productive Grower for Cargill since Cargill acquired the Jacksonville processing plant almost two decades ago. Cargill will suffer no cognizable injury from continuing a poultry growing arrangement with a productive grower. On the other hand, if no preliminary injunction issues, the Growers will be severely and irreparably injured, as described above.

(4) Public interest favors the entry of a preliminary injunction. Cargill may have committed intentional wrongdoing that resulted in substantial underpayment of compensation to its growers. In enacting both the Packers Act and the AFPA, Congress has attached high priority to ensuring adequate compensation for growers. The Growers and the public will suffer if Cargill, through threats, coercion and the retaliatory termination of Gaskins' poultry growing arrangement, is able to undermine both this lawsuit and the enforcement capabilities of the U.S.D.A., Packers & Stockyards Association.

(5) Reinstatement is an appropriate form of relief in this case. Upon reinstatement as a poultry grower for Cargill, Gaskins' face-to-face contact with Cargill employees will be one visit per week by a Cargill service representative. Further, Gaskins' service representative, Mr. Long, testified that he has never had a cross word with Mr. Gaskins, that he believes he has had an "effective" working relationship with Mr. Gaskins, and that he did not recommend that Mr. Gaskins be terminated. (Deposition of Jack Long, September 6, 1989, at 58–91) Under these circumstances, reinstatement is an appropriate form of relief.

Finally, because Cargill is enjoined from terminating growers without apparent economic justification, the requirement that the plaintiff growers post security for their preliminary injunction should be waived. If Cargill has no economic justification for terminating growers, then Cargill will suffer no economic harm from continuing its business relationship with these growers. Moreover, the plaintiffs have made a high showing of likelihood of success on the merits.

Accordingly, for the foregoing reasons, it is now

ORDERED AND ADJUDGED:

That the Motions of the Plaintiff Growers and of the United States for a preliminary injunction are GRANTED; and it is

FURTHER ORDERED that Cargill, Inc. immediately reinstate the poultry growing arrangement between itself and Arthur Ray Gaskins; and it is

FURTHER ORDERED that Cargill, Inc., and the individual defendants, Bruce Burdett and Stephen Huemoller, immediately resume all normal business relations and activities with Arthur Ray Gaskins; and it is

FURTHER ORDERED that Cargill, Inc., its agents and employees, including the individual defendants, Bruce Burdett and Stephen Huemoller, shall not terminate or refuse to enter into a poultry growing arrangement with Arthur Ray Gaskins, or any other poultry grower, because of his or her affiliation with or participation in the activities of the North East Florida Broiler Growers Association ("Association"), or any other lawful association of producers or handlers, whether formal or informal; and it is

FURTHER ORDERED that Cargill, Inc., its agents and employees, including the individual defendants, Bruce Burdett and Stephen Huemoller, shall not terminate or refuse to enter into a poultry growing arrangement with Arthur Ray Gaskins, or

any other poultry grower, because he or she has sought or seeks redress of any grievances against Cargill, by contacting or retaining an attorney to represent him in any matter, by submitting any grievances to legal institutions, including the federal or state court systems, for resolution, or by contacting any state or federal regulatory agency; and it is

FURTHER ORDERED that Cargill, Inc., its agents and employees, including the individual defendants, shall not, directly or indirectly, engage in or use any unfair, unjustly discriminatory, or deceptive practice or device in their dealings with Arthur Ray Gaskins, or any other poultry grower, or subject him or her to any undue or unreasonable prejudice or disadvantage in any respect whatsoever because of his or her affiliation with or participation in the activities of the Association, or any other lawful association of producers or handlers, whether formal or informal, or because he or she has sought or seeks redress of any grievances against Cargill by contacting or retaining an attorney to represent him or her in any matter, by submitting any grievances to legal institutions, including the federal or state court systems, for resolution, or by contacting any state or federal regulatory agency; and it is

FURTHER ORDERED that the requirement that the plaintiff growers post security under Rule 65(c), Fed.R.Civ.P., be and hereby is waived. If it is later determined that this preliminary injunction was improvidently entered, the Court can make appropriate orders.

DONE AND ORDERED.